JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Laurie Malone

**DEFENDANTS**

City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq.,
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Phila. PA 19102   215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000(e), et seq. ("Title VII") and 42 U.S.C. §1981 ("Section 1981")

Brief description of cause:
Plaintiff is alleging race disrimination, sex discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

N/A   *(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/30/2017

SIGNATURE OF ATTORNEY OF RECORD
Caren N. Gurmankin, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| Laurie Malone | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| City of Philadelphia | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)


| Nov. 30, 2017 | _C n̲g̲_ | Plaintiff, Laurie Malone |
|---|---|---|
| Date | Attorney-at-law | Attorney for Plaintiff |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT                                          APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Laurie Malone, Philadelphia, PA 19151

Address of Defendant: City of Philadelphia, 1401 John F. Kennedy Boulevard, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **Nov. 30, 2017**   _____   205900
                          Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **Nov. 30, 2017**   _____   205900

Caren N. Gurmankin, Esquire

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE MALONE**<br>Philadelphia, PA 19151 | : <br> : <br> : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : <br> : | |
| **v.** | : <br> : | |
| **CITY OF PHILADELPHIA**<br>1401 John F. Kennedy Boulevard<br>Philadelphia, PA 19102 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : <br> : | |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Laurie Malone, brings this action against her former employer, the City of Philadelphia ("Defendant").  Plaintiff was a twenty (20) year, highly regarded prosecutor in Defendant's District Attorney's office when she made complaints regarding sex and race-based discriminatory conduct by high-ranking, white, male employees of Defendant. In retaliation, Defendant punished Plaintiff, including failing to promote, treating her in a hostile manner; undermining her authority; demoting her; and, constructively discharging her.

Defendant engaged in race and sex discriminatory conduct, and then retaliated against Plaintiff based on her expressed opposition to the same, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and the

Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.* ("PFPO").

II.    **PARTIES**

1.    Plaintiff, Laurie Malone, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is Asian.

3.    Plaintiff is female.

4.    Defendant, the City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, with its principal office located at 1401 John F. Kennedy Boulevard, Philadelphia, PA 19102.

5.    Defendant is engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

6.    At all times material hereto, Defendant employed more than fifteen (15) employees.

7.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.    At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

III.   **JURISDICTION AND VENUE**

10.    The causes of action which form the basis of this matter arise under Title VII, Section 1981, the PHRA, and the PFPO.

11.    The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

12.    The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331.

13.    The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

14.    The District Court has supplemental jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. §1367.

15.    Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

16.    On or about March 23, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17.    On or about June 9, 2016, Plaintiff filed a Second Charge of Discrimination with the EEOC, complaining of continued discrimination and retaliation alleged herein.  This Charge was cross-filed with the PHRC.  Attached

3

hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the Second EEOC Charge of Discrimination (with personal identifying information redacted).

18.     On or about September 1, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue for Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "3" is a true and correct copy of the notice with personal identifying information redacted.

19.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   **FACTUAL ALLEGATIONS**

20.     Plaintiff was hired by Defendant in or around 1995 as an Assistant District Attorney.  In around November 2011, Plaintiff was promoted to Deputy, Pre-Trial Division.  Her responsibilities included supervising Defendant's Charging Unit; Diversion Courts Unit; Pre-Trial Unit Motions Unit; and, Traffic Court Unit.

21.     Plaintiff has consistently demonstrated excellent performance throughout her employment with Defendant.

22.     In or about August 2015, Plaintiff, along with other employees at Defendant, became aware that certain of Defendant's high-level employees, all of whom were male and all of whom were Caucasian, had sent and received, from work email addresses, racist, sexist, and sexually inappropriate communications.

4

23.     The emails included extremely graphic, offensive, and inappropriate sexual and racist content, including, but not limited to, the following:

(a)     A picture of a woman's exposed breasts captioned, "BOOBS What more motivation do you need?";

(b)     A picture of a young boy holding a pair of scissors and a sign reading, "Full Brazilian 5 cents" and captioned, "ENTREPRENUER You need to start young";

(c)     A picture of a topless woman posing in a provocative position in thong underwear and captioned, "A GREAT BUTT God's way of apologizing for a lack of a rack";

(d)     A picture of a woman staring at another woman's chest and captioned, "EPIC BOOBS Can turn heterosexual females into lesbians in 0.39 seconds";

(e)     A picture of a black man tossing a Kentucky Fried Chicken bucket into the air and captioned, "GENERALIZATIONS Just because they're so damn funny when you see them";

(f)     A picture of a woman wearing a t-shirt reading "W.I.F.E. Washing Ironing Fucking Etc." and then captioned, "PLACE Know it!"; and,

(g)     A picture of a woman wearing a wedding dress and captioned, "WHITE Because you want the dishwasher to match the rest of the appliances."

25.     Within a few days of Plaintiff learning of the racist and sexist conduct of certain of Defendant's employees, she complained to District

Attorney, and her direct supervisor, Seth Williams, regarding the same.  Plaintiff specifically told Williams that the fact that Defendants' employees had sent such emails created a hostile work environment based on sex and race, and that Defendant's failure to take action against the employees who had sent the racist and sexist emails would negatively impact the morale of Defendant's female employees.  Williams was dismissive of Plaintiff's complaint.

26.     Shortly thereafter, Williams held a meeting of the District Attorney's senior leadership, including Plaintiff, to vote on how the situation should be resolved regarding the (male, white) high-level members of the staff sending racist and sexist emails.  Plaintiff was one of only two employees and the only female and racial minority employee to vote in favor of terminating one of the employees, and the only employee to vote in favor of terminating another employee involved in the emails.  Plaintiff expressed that she was voting that way because she believed that the conduct of these employees created a hostile work environment at Defendant's District Attorney's office based on sex and race.

27.     Williams advised that he was not going to fire, or even demote, any of the male, white employees who sent the racist and sexist emails.  Williams also said that he was a "recovering sexist," that he was "evolving," and that the employees who sent the emails could be "rehabilitated."

28.     As detailed below, after Plaintiff expressed her opposition to Defendant's tolerance of its high-level employees engaging in sexist and racist conduct, Defendant retaliated against her.

6

29.     In or about November 2015, Defendant announced that it hired an individual, from outside Defendant, to fill the newly created position of Chief of Staff/Chief Integrity Officer/Chief Counsel.  Defendant did not post the open position, and no one at Defendant spoke with Plaintiff about considering her for the same.

30.     Upon Plaintiff's information and belief, she was more qualified than the individual who was hired into the position of Chief of Staff/Chief Integrity Officer/Chief Counsel.

31.     Upon information and belief, Plaintiff's direct reports were questioned regarding her conduct at meetings and her communications with her staff.

32.     Plaintiff was accused, falsely, of inappropriately communicating information to her staff prior to Defendant officially announcing the same.

33.     Defendant questioned Plaintiff's decisions regarding investigations and charging recommendations, which were under her area of responsibility, and which had not been challenged prior to her expressed opposition to Defendant's tolerance of its employees' sexist and racist conduct.

34.     Plaintiff requested a meeting with Defendant's First Assistant District Attorney, and Williams' second-in-command, regarding Defendant's retaliatory conduct, including questioning her direct reports about her work. Defendant ignored her request.

35.     Plaintiff was told that employees of Defendant who reported directly to Williams, including one of the high-level (male, white) employees who sent the

sexist and racist emails, were interrogating her colleagues about her, including:

      (a)    Asking whether they had ever seen Plaintiff drunk;

      (b)    Asking whether they had ever seen Plaintiff do or say anything that was disloyal to Williams;

      (c)    Asking who Plaintiff's friends were in Defendant's District Attorney's office;

      (d)    Questioning Plaintiff's work ethic; and,

      (e)    Questioning Plaintiff's work practices.

36.    On or about February 25, 2016, Defendant demoted Plaintiff into the position of Chief of Private Criminal Complaints, effective immediately.  The demotion resulted in a salary reduction as well as lesser responsibilities. Williams told Plaintiff that the reason for the same was her "lack of loyalty" to him.

37.    Defendant failed to provide Plaintiff with a legitimate, non-discriminatory reason for demoting her.

38.    As a result of Defendant's continued discriminatory and retaliatory conduct, Plaintiff was constructively discharged from Defendant's employment

39.    No one at Defendant ever told her that it was investigating her complaints, including her two (2) Charges of Discrimination that she filed with the EEOC, copies of which she sent to Defendant on the dates that she filed them. No one at Defendant ever told Plaintiff that it was taking any action to correct or remedy the discriminatory and retaliatory conduct to which she was subjected.

40.    As a result of Defendant's continued discriminatory and retaliatory conduct, including failing to place her back into her position from which she was

demoted, Plaintiff was constructively discharged from Defendant's employment in March 2017.

41.    Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff.

42.    Plaintiff's race was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff.

43.    Plaintiff's complaints about, and expressed opposition to Defendant's sex discriminatory and race discriminatory conduct was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including demoting her.

44.    Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

45.    The retaliatory action taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

46.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

47.     Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I - Title VII

48.     Plaintiff incorporates herein by reference paragraphs 1 through 47 above, as if set forth herein in their entirety.

49.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

50.     Said violations were done with malice and/or reckless indifference.

51.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

52.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

53.     No previous application has been made for the relief requested herein.

## COUNT II – Section 1981

54.     Plaintiff incorporates herein by reference paragraphs 1 through 53 above, as if set forth herein in their entirety.

55.     By committing the foregoing acts of discrimination and retaliation, Defendant has violated Section 1981.

56.     Said violations were done with malice and/or reckless indifference.

57.     As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

60.     Plaintiff incorporates herein by reference paragraphs 1 through 57 above, as if set forth herein in their entirety.

61.     Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PHRA.

62.     Said violations were intentional and willful.

63.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

64.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

65.     No previous application has been made for the relief requested herein.

## COUNT IV - PFPO

66.    Plaintiff incorporates herein by reference paragraphs 1 through 65 above, as if set forth herein in their entirety.

67.    Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PFPO.

68.    Said violations were intentional and willful.

69.    As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

70.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

71.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of Section 1981;

(c)    declaring the acts and practices complained of herein to be

12

in violation of the PHRA;

(d)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(f)     enjoining and permanently restraining the violations alleged herein;

(g)     entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(h)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(i)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(j)     awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the PHRA, and the PFPO;

(k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(l)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: November 30, 2017          BY: _____

Stephen G. Console (36656)
Caren N. Gurmankin (205900)
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Attorneys for Plaintiff,
Laurie Malone

# Exhibit "1"

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | Q  FEPA<br>X  EEOC | 530-2016-02168 |
| STATE OR LOCAL AGENCY:  PHRC | | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Laurie Malone** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>**Philadelphia, PA 19151** | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**District Attorney's Office, City of Phila.** | NUMBER OF EMPLOYEES, MEMBERS<br>**> 100** | TELEPHONE (Include Area Code)<br>**215-686-8000** |
|---|---|---|

| STREET ADDRESS<br>**Three South Penn Square** | CITY, STATE AND ZIP<br>**Philadelphia, PA 19107-3499** | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>XX Race   0 Color   XX Sex   0 Religion   0 National Origin<br>XX Retaliation   0 Age   0 Disability   0 Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*               *Latest*<br>Continuing Violation |
|---|---|

**The Particulars Are:**

A.   1.   <u>Relevant Work History</u>

    Respondent hired me in or around September 1995 as an Assistant District Attorney. In or around November 2011, Respondent promoted me to Deputy, Pre-Trial Division. In this position, I supervised Respondent's Charging Unit, Diversion Courts Unit, Pre-Trial Unit Motions Unit and Traffic Court Unit. On or about February 16, 2016, Respondent demoted me to Chief of Private Criminal Complaints. At all times material hereto, I have reported to Seth Williams (male, African-American), District Attorney.

    Throughout my more than twenty (20) years of employment with Respondent, I have been a loyal, dedicated and hard-working employee. At no time during my employment has Respondent ever placed me on a Performance Improvement Plan or subjected me to progressive discipline.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| SIGNATURE OF COMPLAINANT<br><br>*3/23/16*<br>Date:               Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 6**
**Laurie Malone v. District Attorney's Office, City of Philadelphia**

2.  <u>Harm Summary</u>

Respondent has discriminated against me on the basis of my sex (female) and race (Asian) and retaliated against me based on my complaints of the same.  Evidence of Respondent's discriminatory and retaliatory conduct includes, but is not limited to, the following:

a)  On or about August 26, 2015, Respondent received copies of pornographic emails from the Pennsylvania Attorney General's office, which had been sent and received by Respondent's employees, Frank Fina (male, Caucasian), Assistant District Attorney, Special Investigations Unit and Marc Costanzo (male, Caucasian), Chief, Special Investigations Unit, and received by Patrick Blessington (male, Caucasian), Chief, Insurance Fraud Unit (hereinafter "the email scandal").

b)  On or about August 31, 2015, I complained to District Attorney Williams that Respondent's employees' involvement in the email scandal had created a hostile work environment based on sex and race. District Attorney Williams dismissed my complaint and abruptly ended our conversation.

c)  On or about September 2, 2015, District Attorney Williams held a meeting with Respondent's Deputies and senior staff.

   a.  Present at the meeting were: Ed McCann (male, Caucasian), First Assistant District Attorney; Greg Rowe (male, Caucasian), Chief of Legislation; Cameron Kline (male, Caucasian), Press Spokesperson; BJ Graham (female, Caucasian), Chief of Civil Litigation; Rachel Mitchel (female, Caucasian), Director of Human Resources; John Delaney (male, Caucasian), Deputy, Trial Division; Ronald Eisenberg (male, Caucasian), Deputy, Appellate Division; Ann Ponterio (female, Caucasian), Deputy, Investigations Division; Curtis Douglas (male, African-American), Deputy, Narcotics and Community Engagement; George Mosee (male, African-American), Deputy, Juvenile Division; and myself.

   b.  At the meeting, District Attorney Williams informed the deputies, including myself, that Mr. Fina, Mr. Costanzo and Mr. Blessington had apologized for the "unprofessional conduct" of participating in the email scandal and stated that they had never actively participated in receiving or disseminating the pornographic emails while physically in Respondent's offices.

d)  On or about September 3, 2015, District Attorney Williams held another meeting with Respondent's Deputies and senior staff to vote on what, if any, repercussions Mr. Fina, Mr. Costanzo and Mr. Blessington should incur.

   a.  Present at the meeting were Mr. McCann, Mr. Rowe, Ms. Kline, Ms. Graham,

**EEOC Charge of Discrimination**
**Page 3 of 6**
**Laurie Malone v. District Attorney's Office, City of Philadelphia**

Ms. Mitchel, Mr. Delaney, Mr. Eisenberg, Ms. Ponterio, Mr. Douglas, Mr. Mosee, and myself.

b.  At the meeting, Mr. Williams demanded that each staff member publicly vote "how you feel we should resolve the situation."

c.  I voted that Mr. Fina and Mr. Costanzo should be terminated for their involvement in the email scandal because their involvement created a hostile work environment based on sex and race. I was one of only two (2) staff members, and the only female and racial minority staff member, who voted in favor of terminating Mr. Fina, and the only staff member of Respondent's who voted to terminate Mr. Costanzo.

d.  Following the voting, District Attorney Williams informed us that he would not fire or demote Mr. Fina, Mr. Costanzo or Mr. Blessington. District Attorney Williams further noted that he was a "recovering sexist" himself and was "evolving", noting that Mr. Fina and Mr. Constanzo "could be rehabilitated."

e)  On or about November 23, 2015, District Attorney Williams held a meeting with Respondent's Deputies, including myself.  At this meeting, District Attorney Williams informed us that Respondent hired Kathy Martin (female, Caucasian) as its Chief of Staff, Chief Integrity Officer and Chief Counsel. District Attorney Williams also informed us that Respondent had promoted Mr. Mosee to First Assistant District Attorney.

a.  Respondent failed to post, or otherwise publicize, the open position Chief of Staff, Chief Integrity Officer and Chief Counsel, prior to hiring and hiring Ms. Martin;

b.  At no time prior to Respondent promoting hiring Ms. Martin was I given an opportunity to apply and/or be interviewed for the position of Chief of Staff, Chief Integrity Officer and Chief Counsel;

c.  Upon information and belief, I am more qualified and have more experience than Ms. Martin;

f)  On or about November 30, 2015, District Attorney Williams's office sent an email instructing Respondent's entire staff that no one is to have direct communication with District Attorney Williams and that any "directives" received from Ms. Martin should be treated as if directly sent from District Attorney Williams.

On or about December 8, 2015, Ms. Martin and Mr. Mosee demanded that I meet with them. At the meeting, Ms. Martin and Mr. Mosee falsely accused me of discussing information about the November 23, 2015 meeting, in which District

**EEOC Charge of Discrimination**
**Page 4 of 6**
**Laurie Malone v. District Attorney's Office, City of Philadelphia**

Attorney Williams informed Respondent's Deputies of Mr. Mosee's promotion and Ms. Martin hire, with my staff, prior to Respondent's formal announcement of Mr. Mosee's and Ms. Martin's promotion and hire, respectively, to the Respondent's entire staff. I informed Ms. Martin and Mr. Mosee that this was a false accusation and that I had discussed the November 23, 2015 meeting with my staff regarding the promotion and appointment of Mr. Mosee and Ms. Martin after Respondent's announcement.

g) On or about January 7, 2016, Respondent posted its anti-fraternization policy.

h) On or about January 13, 2016, I held the monthly Pre-Trial Divisional meeting with my supervisory staff, at which I discussed Respondent's recently posted anti-fraternization policy.

i) Upon information and belief, in or around the week of January 18, 2016, Ms. Martin and Mr. Mosee demanded to meet with Jill Fertel, Assistant District Attorney, Charging Unit. Upon information and belief, during this meeting, Ms. Martin and Mr. Mosee questioned my authority and judgment regarding the discussion of Respondent's anti-fraternization policy at my monthly Divisional meeting.

    a. At no time prior to my complaints of a hostile work environment based on sex and race did Respondent question my authority and judgment or discussions held at my divisional meetings

j) On or about January 25, 2016, I contacted Mr. Mosee requesting a meeting to discuss why my direct reports were being questioned about the agendas of and discussions held at my Division's routine meetings. Mr. Mosee failed to respond to my request.

k) On or about February 2, 2016, I received a request to investigate an incident involving a high profile figure and to provide charging recommendations from detectives, which I undertook (hereinafter "the investigation").

l) On or about February 12, 2016, Ms. Martin demanded to know who, besides my immediate direct reports and I, knew about the investigation involving a high profile individual. Ms. Martin further instructed me not to discuss the investigation with anyone, including my direct reports who were assisting with the investigation.

    a. Upon information and belief, Ms. Martin questioned my direct report Kirsten Heine, Chief, Charging Unit, and Jodi Lobel (female, Caucasian), Deputy District Attorney, Training & Special Projects, regarding the investigation.

    b. At no time prior to my complaints of a hostile work environment based on sex and race did Respondent question my direct reports or other employees regarding the charging recommendations and investigation requests I received and undertook.

**EEOC Charge of Discrimination**
**Page 5 of 6**
**Laurie Malone v. District Attorney's Office, City of Philadelphia**

m) On or about February 16, 2016, Ms. Martin and Mr. Mosee required me to meet with them.

    a. At the meeting, Ms. Martin questioned why she had not been informed of the investigation when I first received the request from detectives, demanding to know why there was a "delay in notifying me [her] about this case involving a high profile individual [the investigation]."

    b. I informed Ms. Martin that I had never before been required to notify Respondent's senior staff, including her, of investigation and charging recommendation requests that I received from detectives, and that this request was no different than other investigation and charging recommendations requests that I had received and undertook.

    c. Ms. Martin dismissed my explanation and demanded that I turn over my Respondent-issued cell phone, stating that my phone was office property.

    d. Ms. Martin further instructed me to cease the investigation.

    e. At no time prior to my complaints of a hostile work environment based on sex and race was I required to notify Respondent's senior staff members of investigation and charging recommendations requests.

    f. At no time prior to my complaints of a hostile work environment based on sex and race did Respondent instruct me to cease an investigation.

n) Later that same day, on or about February 16, 2016, Respondent demoted me. District Attorney Williams informed me that, due to my "lack of loyalty" to him, he was reassigning me to the position of Chief of Private Criminal Complaints, effective immediately.

o) On or about February 25, 2016, Respondent informed me that my salary had been reduced by approximately $15,000, as a result of my demotion to Chief of Private Criminal Complaints.

B.    Respondent's Stated Reasons

    1. Respondent has failed to articulate a legitimate, non-discriminatory reason for discriminating against me based on my sex (female) and/or race (Asian), including, but not limited to, subjecting me to a hostile work environment.

    2. Respondent has failed to articulate a legitimate, non-discriminatory reason for retaliating against me based on my complaints of sex and/or race discrimination, including, but not limited to, demoting me from my position as Deputy, Pre-trial Division to Chief of Private Criminal Complaints.

**EEOC Charge of Discrimination**
**Page 6 of 6**
**Laurie Malone v. District Attorney's Office, City of Philadelphia**

3. Respondent's articulated reason for my demotion, that it was due to my "lack of loyalty" to District Attorney Williams, is pretext for discrimination and retaliation.

C.   <u>Statutes and Basis for Allegations</u>

I allege that Respondent has discriminated against me, based on my sex (female) and race (Asian), and retaliated against me based on my complaints of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Laurie Malone v. District Attorney's Office, City of Philadelphia**

EEOC No. _530- 2016- 02168_

   You have the right to file this charge of discrimination with the Pennsylvania Human
Relations    Commission (PHRC) under the Pennsylvania Human Relations Act.  Filing your
charge with PHRC    protects your state rights, especially since there may be circumstances in
which state and federal laws    and procedures vary in a manner which would affect the outcome
of your case.

   Complaints filed with the PHRC must be filed within 180 days of the act(s) which you
believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely,
it will be    dismissed.

   If you want your charge filed with the PHRC, including this form as part of your EEOC
charge, with your signature under the verification below, will constitute filing with the PHRC.
You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in
most cases, will accept    EEOC's finding. If you disagree with PHRC's adoption of EEOC's
finding, you will have the chance to   file a request for preliminary hearing with PHRC.

   Since you have chosen to file your charge first with EEOC, making it the primary
investigatory agency, the Respondent will not be required to file an answer with PHRC and no
other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

   If your case is still pending with PHRC after one year from filing with PHRC, you have
the right to file your complaint in state court.  PHRC will inform you of these rights and
obligations at that time.

**[Sign and date appropriate request below]**

 _X_  I want my charge filed with PHRC.  I hereby incorporate this form and the verification
below into the attached EEOC complaint form and file it as my PHRC complaint.  I request
EEOC to transmit it to  PHRC.

 _X___  *I understand that false statements in this complaint are made subject to the penalties of*
*18    Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X        _Laurie Malone   3/23/16_
         Signature and Date (Laurie Malone)

RECEIVED 16 MAR 23 AM 10:19

# Exhibit "2"

| SECOND CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | 530  2016  03282 |

| STATE OR LOCAL AGENCY:  PHRC |
|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Laurie Malone** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>███████████ |
|---|---|

| STREET ADDRESS<br>████████████ | CITY, STATE AND ZIP<br>**Philadelphia, PA 19151** | DATE OF BIRTH<br>████████ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**District Attorney's Office, City of Phila.** | NUMBER OF EMPLOYEES, MEMBERS<br>**> 100** | TELEPHONE (Include Area Code)<br>**215-686-8000** |
|---|---|---|

| STREET ADDRESS<br>**Three South Penn Square** | CITY, STATE AND ZIP<br>**Philadelphia, PA 19107-3499** | COUNTY<br>**Philadelphia** |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>0 Race   0 Color   **XX Sex**   0 Religion   0 National Origin<br>**XX Retaliation**   0 Age   0 Disability   0 Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*          *Latest*<br>                    **Continuing Violation** |
|---|---|

### The Particulars Are:

A.    1.    Relevant Work History

    Respondent hired me in or around September 1995 as an Assistant District Attorney. In or around November 2011, Respondent promoted me to Deputy, Pre-Trial Division. In this position, I supervised Respondent's Charging Unit, Diversion Courts Unit and Pre-Trial Unit. On or about February 16, 2016, Respondent demoted me to Chief of Private Criminal Complaints. At all times material hereto, I have reported to Seth Williams (male), District Attorney.

    Throughout my more than twenty (20) years of employment with Respondent, I have been a loyal, dedicated and hard-working employee. At no time during my employment has Respondent ever placed me on a Performance Improvement Plan or subjected me to progressive discipline.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. |
| SIGNATURE OF COMPLAINANT<br><br>Date: 6/9/16    Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

On March 23, 2016, I filed a Charge of Discrimination with the EEOC regarding the discriminatory and retaliatory conduct to which I was being subjected. Respondent was aware of the same.

2. Harm Summary

Respondent has continued to discriminate against me on the basis of my sex, and to retaliate against me based on my complaints about Respondent's discriminatory conduct. Evidence of Respondent's continued discriminatory and retaliatory conduct includes, but is not limited to, the following:

(a) I have been told by other employees that Respondent has interrogated them about me;

(b) To the best of my knowledge, at least one (1) of the individuals interrogating employees about me was Frank Fina, Assistant District Attorney. Mr. Fina, who reported directly to Mr. Williams, was one (1) of the individuals who sent and received pornographic emails, as part of the email scandal described in my first EEOC Charge. As set forth in my first EEOC Charge, I had voted that Mr. Fina should be terminated for his involvement in the email scandal because his involvement created a hostile work environment based on sex and race. Upon my information and belief, the other high-level employees of Respondent questioning my colleagues about me, other than Mr. Fina, also reported directly to Mr. Williams;

(c) Other employees who have been interrogated about me by Respondent have told me that Respondent's questions to them about me included:

(1) Whether they had ever seen me drunk;

(2) Whether they had ever seen me do or say anything disloyal to Mr. Williams;

(3) Who my friends were in Respondent's District Attorney's office;

(4) What I like to do in my spare time outside of the office;

(5) Questioning my work ethic; and,

(6) Questioning my work practice.

(d) To the best of my knowledge, the fact that I have filed an EEOC Charge has been leaked to the press. Upon information and belief, a reporter for the *Philadelphia Inquirer* contacted someone that I know, and asked if I would be willing to speak to him; and,

(e) Respondent has not told me of any action that it has taken to investigate my complaints of discriminatory and retaliatory conduct.

B.   <u>Respondent's Stated Reasons</u>

1. Respondent has failed to articulate a legitimate, non-discriminatory reason for continuing to discriminate against me based on my sex (female) and my race, including, but not limited to, subjecting me to a hostile work environment.

2. Respondent has failed to articulate a legitimate, non-discriminatory reason for continuing to retaliate against me based on my complaints of Respondent's sex and race discrimination, including, but not limited to, subjecting me to a hostile work environment.

C.   <u>Statutes and Basis for Allegations</u>

I allege that Respondent has continued to discriminate against me, based on my sex (female), and retaliate against me based on my complaints of Respondent's discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Laurie Malone v. District Attorney's Office, City of Philadelphia**

EEOC No. 530- 2016 - 03282

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

 X  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

 X   *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X   _____

Signature and Date (Laurie Malone)

Exhibit "3"



U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7003 0500 0002 5071 1863

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

September 01, 2017

Ms. Laurie Malone
c/o Caren N. Gurmankin, Esquire
Law Offices of Console & Mattiacci
1525 Locust Street, 9th Floor
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia, Office of the District Attorney
      No. 530201602168

Dear Ms. Malone:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    City of Philadelphia, Office of the District Attorney



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS ·

**CERTIFIED MAIL**
7003 0500 0002 5071 1863

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

September 01, 2017

Ms. Laurie Malone
c/o Caren N. Gurmankin, Esquire
Law Offices of Console & Mattiacci
1525 Locust Street, 9th Floor
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia, Dist. Attorney's Office
     No. 530201603282

Dear Ms. Malone:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

John M. Gore
Acting Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    City of Philadelphia, Dist. Attorney's Office