## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE MALONE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-5372 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of

Defendant City of Philadelphia's Motion to Dismiss, and any response thereto, it is

hereby **ORDERED** that the Motion is **GRANTED**.  Plaintiff's Complaint is

dismissed.

BY THE COURT:

_____

**JOEL H. SLOMSKY**, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| LAURIE MALONE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-5372 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendant. | : | |

---

## DEFENDANT CITY OF PHILADELPHIA'S
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant City of Philadelphia files this Motion to Dismiss for Failure to

State a Claim under Fed. R. Civ. Pro. 12(b)(6), seeking that the claims against it be

dismissed.  Defendant respectfully requests that this Court dismiss the claims

brought against Defendant on the grounds more fully described in the supporting

memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date:  February 5, 2018              BY:    s/ Christopher H. Rider
                                     Christopher H. Rider
                                     Divisional Deputy City Solicitor

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE MALONE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-5372 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT CITY OF PHILADELPHIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant City of Philadelphia submits this Memorandum of Law in Support of its Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), and seeks dismissal for the following reasons. First, Plaintiff's discrimination claims fail because she has not identified similarly-situated comparators to show that the adverse employment actions at issue occurred under discriminatory circumstances. Second, Plaintiff's discrimination claims related to the Philadelphia District Attorney's Office (DAO)'s[1] decision to hire Kathleen Martin fail because Plaintiff has not identified how she made the DAO aware that she was interested in any such job opportunity.  Third, Plaintiff's First Amendment retaliation claim fails because her hostile work environment complaint was not sufficiently extraordinary to be a matter of public concern.  Finally, Plaintiff's Title VII, PHRA, and PFPO

---

[1] The City, acting through the DAO, is the Title VII employer in this context.  See Lennox v. Clark, 93 A.2d 834 (Pa. 1953) (holding that under the City-County Consolidation Constitutional Amendment, county officers were transformed into city officers.)

retaliation claims fail because Plaintiff has not pleaded – and cannot plead – an objectively reasonable good faith belief that the employment practice about which she was complaining was unlawful, and because the time gap between Plaintiff's complaints and the alleged retaliation was too great to infer a causal connection between the two.

## I.    FACTUAL SUMMARY[2]

In 2011, then-District Attorney Seth Williams promoted Plaintiff Laurie Malone to Deputy District Attorney for the Pre-Trial Division of the DAO.  Compl. ¶ 20, attached as Ex. A.  Plaintiff's purview included supervision of the DAO's Charging Unit, Diversion Courts Unit, Pre-Trial Motions Unit, and Traffic Court. Id.

In August 2015, Plaintiff (and the rest of the DAO) became aware that Frank Fina and Marc Costanzo, whom the DAO had recently hired from the Pennsylvania Office of the Attorney General, had sent inappropriate emails while employed by that office.  Id. ¶ 22; see also id. at Ex. 1, p. 2, ¶ 2(a)[3].  Plaintiff and the DAO also became aware that Patrick Blessington, another recent émigré from the Office of the Attorney General, had received, but not sent, such emails.  Id.  All three individuals denied receiving or disseminating such emails while employed by the

---

[2] For the purposes of this Motion to Dismiss, Defendant accepts the facts as pled by Plaintiff as true.

[3] Plaintiff has omitted relevant details from the recitation of facts contained in her Complaint.  Her EEOC Charges attached to her Complaint are more fulsome.  "[A] court may consider an undisputedly authentic document…if the plaintiff's claims are based on the document.  Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied."  Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993).  Many of the explanatory details referenced in this motion are, therefore, drawn from Plaintiff's EEOC Charges.

DAO.  Id. at Ex. 1, p. 2, ¶ 2(c).  Plaintiff has not pled that she had any personal or professional contact with these individuals while she was employed by the DAO.

Plaintiff, as a high-level member of the DAO, was asked to weigh in on whether the DAO should terminate these individuals' employment.  Id. ¶ 26. Plaintiff and one other individual voted in favor of termination.  Id. ¶ 26.  Plaintiff apparently believed, and allegedly stated, that employing these individuals who sent or received inappropriate emails while employed by the Office of the Attorney General created a hostile work environment at the DAO.  Id.

On November 23, 2015, the DAO informed Plaintiff that it was hiring Kathleen Martin as the Chief of Staff/Chief Integrity Officer/Chief Counsel.  Id. ¶ 29; id. at Ex. 1, p. 3, ¶ 2(e).  Ms. Martin was hired from outside the DAO.  Id. ¶ 29.

On December 8, 2015, Ms. Martin and George Mosee, the First Assistant District Attorney, accused Plaintiff of relaying to her staff the events of the November 23, 2015 meeting prior to the DAO's formal announcement of the same. Id. ¶ 32; id. at Ex. 1, p.3-4, ¶ 2(e)-(f).

On January 18, 2016, Ms. Martin and Mr. Mosee questioned Plaintiff's conduct at meetings and communications with her direct reports during a discussion with one of Plaintiff's direct reports.  Id. ¶ 31; id. at Ex. 1, p. 4, ¶ 2(i). Plaintiff requested a meeting to discuss this perceived slight on January 25, 2016. Id. ¶ 34; id. at Ex. 1, p. 4, ¶ 2(j).  This meeting never happened.  Id. ¶ 34.

On February 2, 2016, Plaintiff received a request by police to investigate an incident involving a high profile figure and provide a charging recommendation.  Id.

at Ex. 1, p. 4, ¶ 2(k).  On February 12, 2016, Ms. Martin questioned Plaintiff about that investigation, and whether or not Plaintiff had appropriately informed her chain of command about the existence of that investigation.  Id. at Ex. 1, p. 4, ¶ 2(l).  Ms. Martin and Mr. Mosee questioned Plaintiff again, on February 16, 2016, as to why she failed to inform the senior DAO staff about the investigation.  Id. at Ex. 1, p. 5, ¶ 2(m); id. ¶ 33.  Plaintiff informed Ms. Martin that she did not think that she had to inform her superiors about that investigation or any resulting charging recommendations.  Id.  On February 25, 2015, the DAO demoted Plaintiff to Chief of Private Criminal Complaints.  Id. ¶ 36.  Plaintiff voluntarily left employment with the DAO some time later.  Id.  ¶ 38.

Based on these facts, Plaintiff has alleged that Defendant violated 42 U.S.C. § 1981, Title VII, the PHRA, and the PFPO by discriminating against her based on her race and sex, and retaliating against her.[4]  Compl. ¶¶ 48-71.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

---

[4] Plaintiff did not plead that Defendant created a hostile work environment.  See generally Compl. Accordingly, Defendant does not move to dismiss that claim.

than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

## I.  ARGUMENT

### A. PLAINTIFF'S DIRECT DISCRIMINATION CLAIMS FAIL BECAUSE SHE HAS NOT PLEADED A PLAUSIBLE CLAIM THAT THE DAO MADE ANY EMPLOYMENT DECISION BASED ON HER RACE OR SEX.

While Plaintiff has alleged that her race and sex were motivating or determinative factors in the DAO's decisions regarding her employment, Compl. ¶¶ 41-42, she has failed to plead any direct evidence of discriminatory intent, and has failed to plead evidence from which this Court could conclude that similarly-situated comparators were treated differently.  Accordingly, her direct discrimination claims under 42 U.S.C. § 1981, Title VII, the PHRA,[5] and the PFPO should be dismissed.

---

[5] The PHRA is interpreted in most cases as identical to federal antidiscrimination laws.  Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002).

To prevail on a discrimination claim under 42 U.S.C. § 1983,[6] Title VII, the PHRA, or the PFPO, a plaintiff must show: "(1) that plaintiff belonged to a protected class, (2) that plaintiff was qualified for the position, (3) that plaintiff was subject to an "adverse employment action" despite her qualifications, and (4) that circumstances exist from which a court can infer discriminatory action. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). The fourth prong of this test may be proven, in the absence of other discriminatory conduct as here, by identifying similarly-situated comparators. To show that comparators were similarly-situated, a plaintiff must usually demonstrate "that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." Houston v. Easton Area School Dist., 355 Fed. Appx. 651, 654 (3d Cir. 2009); Opsatnik v. Norfolk S. Corp., 335 F. App'x 220, 222-23 (3d Cir. 2009); Miller v. Delaware Dep't of Probation and Parole, 158 F. Supp.2d 406, 411 (D. Del. 2001) (to establish "similarly situated," plaintiff must show that her employment situation is nearly identical to those of the employees whom she alleges were treated more favorably).

Plaintiff has identified one potential adverse employment action: her reassignment to Chief, Private Criminal Complaints. Id. ¶ 38. Plaintiff's demotion closely followed a confrontation between DAO leadership and Plaintiff over whether

---

[6] 42 U.S.C. § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett v. Dallas Independent School Dist., 491 U.S. 701, 735 (1989).

she had appropriately informed DAO leadership of an ongoing investigation into a high profile individual.  Id. at Ex. 1, p. 4, ¶ 2(l)-(m); id. ¶¶ 33, 36.  This interaction between Plaintiff and DAO leadership is a clear differentiating circumstance between Plaintiff and any other potential comparators.  Accordingly, Plaintiff's discrimination claims fail because she has failed to plead either direct evidence of discrimination or similarly-situated comparators from which a court can infer the decision to demote her was discriminatory.

### B. PLAINTIFF'S FAILURE TO PROMOTE CLAIM FAILS BECAUSE PLAINTIFF DID NOT MAKE EVERY REASONABLE EFFORT TO CONVEY HER INTEREST IN ADVANCEMENT TO THE DAO.

Plaintiff has alleged that the DAO violated Title VII, the PHRA, and the PFPO when it hired Kathleen Martin as the Chief of Staff/Chief Integrity Officer/Chief Counsel.  Id. ¶ 29; id. at Ex. 1, p. 3, ¶ 2(e).  Because Plaintiff did not apply for that position, Plaintiff's claim fails because she has not pled that she made every reasonable effort to convey her interest in any such position to the DAO.

The Third Circuit has held that "failure to formally apply for a job will not automatically bar a plaintiff from establishing a prima facie case for discriminatory hiring." Murray v. Beverage Distribution Center, 533 Fed. Appx. 90, 102 (3d Cir. 2013) (citing EEOC v. Metal Serv. Co., 892 F.2d 341, 348 (3d Cir.1990)).  "However, if the plaintiff did not apply, he must show that he made every reasonable effort to convey his interest in the job to his employer, [or] he was deterred from applying by the employer's discriminatory practices and would have applied for the position but for those practices, or he had a genuine and real interest in the position but

reasonably believed that a formal application would be futile." Id. (citing Newark *103 Branch, NAACP v. Town of Harrison, 907 F.2d 1408, 1415 (3d Cir.1990)).

Here, it is undisputed that Plaintiff could not have applied for the job in question because it was never posted, and the candidate chosen for the position was hired from outside the DAO.  Compl. ¶ 29.  Plaintiff, however, must plead that she at least expressed an interest in similar opportunities sufficient to make the DAO aware that she was interested in a Chief of Staff position.  Because Plaintiff has failed to meet this standard in her pleadings, this Court should dismiss her failure-to-promote claim.

### C.  PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS BECAUSE SHE WAS NOT SPEAKING AS A CITIZEN ON A MATTER OF PUBLIC CONCERN.

Plaintiff has alleged that Defendant violated her First Amendment rights when it retaliated against her for speaking out against what she felt was a hostile work environment.  Compl. ¶¶ 54-59.  Plaintiff's claims fail because the type of sexual harassment she allegedly opposed was, at best, a generic form of sex-based discrimination that was not a matter of public concern.

To successfully pursue a First Amendment retaliation claim, public employee plaintiffs must prove that their activity was protected by the First Amendment, and that the protected activity was a substantial factor in any alleged retaliatory action. Kovac v. Pennsylvania Turnpike Com'n, 444 Fed. Appx. 588, 590 (3d Cir. 2011) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006)).  To show a protected activity, a government employee must demonstrate "that he or she spoke

as a citizen on a matter of public concern" and that the value of the speech outweighs the government's interest as an employer "in promoting the efficiency of the public services it performs through its employees." Borough of Duryea v. Guarnieri, 564 U.S. 379, 386 (2011).  Courts in this district have held that complaints of garden-variety sexual harassment or discrimination do not implicate matters of public concern.  See Mitchell v. Miller, 884 F.Supp. 2d 334, 363-365 (W.D.Pa. 2012); see also Azarro v. Cty. of Allegheny, 110 F.3d 968, 981 (3d. Cir. 1997) (Becker, J., concurring).

Here, Plaintiff is complaining that employing individuals who may have engaged in questionable conduct during their prior employment with the Office of Attorney General was a matter of public concern.  Plaintiff has, notably, not alleged that these individuals actually sexually harassed anyone while employed by the DAO.  This is simply not the type of allegation of serious sexual harassment that the courts have considered a matter of public concern.  Accordingly, this Court should dismiss Plaintiff's First Amendment retaliation claim.

### D.  PLAINTIFF'S RETALIATION CLAIMS FAIL BECAUSE PLAINTIFF DID NOT MAKE AN OBJECTIVELY REASONABLY GOOD FAITH REPORT OF DISCRIMINATION.

Plaintiff has alleged that the DAO violated Title VII, the PHRA, and the PFPO when it retaliated against her for opposing allegedly-unlawful activity.  See generally Compl.  Plaintiff's retaliation claims fail because no objectively reasonable person would have thought the activity Plaintiff opposed – continuing to employ

several individuals who sent or received inappropriate emails while employed by the Pennsylvania Office of Attorney General – was unlawful.

"To establish a *prima facie* case of retaliation under Title VII, a plaintiff must tender evidence that: '(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.'" Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995)). Plaintiffs must "hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII." Id. at 341.

Plaintiff's belief that continuing to employ Frank Fina, Marc Costanzo and Patrick Blessington created a hostile work environment was not objectively reasonable. Plaintiff has not pled that she, or any other DAO employee, was exposed to any type of harassing conduct by these individuals, nor has she pled that she was exposed to any of the inappropriate emails. In short, Plaintiff has not identified any behavior these individuals engaged in while employed by the DAO that violated any statute. The Third Circuit has held that merely working near an individual previously accused of sexual harassment does not constitute a hostile working environment. Kokinchak v. Postmaster General of the U.S., 677 Fed. Appx. 764, 767 (3d Cir. 2017). A reasonable person could not conclude that being forced to work in the same building as three men who sent and received inappropriate emails prior to their employment with the DAO was unlawful.

11

Accordingly, Plaintiff cannot establish that she engaged in protected activity when she spoke out in favor of firing those individuals, and this Court should dismiss her retaliation claims.

### E.  PLAINTIFF'S RETALIATION CLAIMS FAIL BECAUSE THERE WAS NO CAUSAL CONNECTION BETWEEN THE ALLEGED PROTECTED ACTIVITY AND THE RETALIATION.

Even if this Court determines that Plaintiff had an objectively reasonable good faith belief that continuing to employ Fina, Costanzo, and Blessington was unlawful, she has not alleged facts from which the Court conclude that the allegedly-retaliatory actions were causally connected to her protected activity. Therefore, her retaliation claims fail.

"Title VII retaliation claims must be proved according to traditional principles of but-for causation…[t]his requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 133 S.Ct. 2517, 2533 (2013).  Courts tend to focus on two factors in assessing whether a plaintiff has shown causation: "(1) the 'temporal proximity' between the protected activity and the alleged discrimination and (2) the existence of a pattern of antagonism in the 'intervening period." Hussein v. UPMC Mercy Hosp., 466 Fed. Appx. 108, 112 (3d Cir. 2012).  Without more, "a gap of three months between the protected activity and the adverse action…cannot create an inference of causation and defeat summary judgment." LeBoon v. Lancaster Jewish Community Center Ass'n, 503 F.3d 217, 233 (3d Cir. 2007); see also Farrell v. Planters Lifesavers Co., 206 F.3d

271, 279 & n. 5 (3d Cir. 2000) (a temporal proximity of ten days is sufficient to establish causation only when accompanied by other evidence of wrongdoing); Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 (3d Cir.2003); Fischer v. Transue, No. 04–2756, 2008 WL 3981521, at *10 (M.D.Pa. Aug.22, 2008) (holding that temporal proximity of twenty-two days was insufficient to establish causation); Smith v. ABF Freight Sys., Inc., No. 04–2231, 2007 WL 3231969, at *11 (M.D.Pa. Oct. 29, 2007) (holding that temporal proximity of one and one-half months was insufficient to establish causation); Mar v. City of McKeesport, No. 05–19, 2007 WL 2769718, at *4 (W.D.Pa. Sept. 20, 2007) (holding that temporal proximity of three months was insufficient to establish causation); Killen v. N.W. Human Servs., Inc., No. 06–4100, 2007 WL 2684541, at *8 (E.D.Pa. Sept.7, 2007) (holding that temporal proximity of seventeen days was insufficient to establish causation).

Plaintiff's allegedly-protected conduct – stating that continuing to employ Fina, Costanzo, and Blessington created a hostile work environment – occurred in late August.  Compl. ¶¶ 22-26.  The first allegedly-retaliatory conduct occurred in on or around November 23, 2015, when the DAO informed Plaintiff that it was hiring Kathleen Martin as Chief of Staff/Chief Integrity Officer/Chief Counsel.  Id. ¶ 29; id. at Ex. 1, p. 3, ¶ 2(e).  This conduct occurred more than three months after Plaintiff's protected conduct, and Plaintiff has not alleged that there was a pattern of antagonism in the intervening period.  In fact, Ms. Martin's hire effectively "retaliated" against all of the DAO's senior staff, as Ms. Martin was an outside hire and none of the DAO leadership were considered for the position.  Compl. ¶ 29.  The

13

remainder of the allegedly-retaliatory conduct is even more temporally-removed than Ms. Martin's hire.  Accordingly, Plaintiff has failed to plead a *prima facie* case of retaliation, and this Court should dismiss those claims.

## VI.   <u>CONCLUSION</u>

Defendant City of Philadelphia respectfully requests that this Honorable Court grant this Motion and dismiss Plaintiff's claims.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>February 5, 2018</u>          BY:   <u>s/ Christopher H. Rider</u>
Christopher H. Rider
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307265
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5082
christopher.rider@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAURIE MALONE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 17-5372 |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.


Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>February 5, 2018</u>       BY: <u>  s/ Christopher H. Rider  </u>
Christopher H. Rider
Divisional Deputy City Solicitor